Catron, Ch. J.
delivered the opinion of the court.
Hayworth warranted Brumley before a justice, who gave judgment for the defendant. From this judgment Hayworth appealed to the county court. Here the cause was tried after considerable expense and dejay, and judgment rendered for plaintiff, Hayworth, for ‡2 50. From this judgment, Brumley moved to appeal to the circuit court, informa pauperis, having taken the oath that he was not able to bear the expenses of the appeal, or give security, &c. The appeal was granted by the county court, and the cause went up. At the next term of the circuit court, it was moved to dismiss the appeal, and enter up judgment for debt and costs against Brumley, for want of an appeal bond and security. The circuit court made the rule absolute, dismissed the appeal, and entered judgment against Brumley as requested, from which he prosecuted his appeal in error to this court, in forma pauperis, which was allowéd on an affidavit in substance the same as that made in the county court.
The only question presented is, whether an appeal, on the merits, seeking a second jury trial, can be prosecuted informa pauperis.
It was supposed formerly, that our statutes did not extend to appeals in the nature of writs of error; but at Knoxville, some years since, this court decided that an *422 appeal in error came within the spirit and meaning of our act of 1821, ch. 22, taken in connexion with the British statute, 11 Hen. VII, ch. 12, set out in Bacon’s Ab. Pauper A. The object of the British parliament was, as they tell us in the preamble, that indifferent justice should be administered to the sick, and to the poor; and that if poor persons were not of ability to litigate their rights, they should be permitted to do so, nothing paying for the services of officers and counsel. This statute extended to the redress of all injuries and wrongs done them, as well concerning their persons and their inheritances, as other causes. It put them on the foot of the subjectwho had the means and power to pursue all the modes of redress afforded by the laws of the land; and according to this intent have the British courts construed and applied it. The defendant Brumley, and the plaintiff Hayworth, had equal rights to an appeal; and of his right Brumley could not be deprived because he was poor, unable to pay debt and costs, or give security for their payment. The laws in England are mild compared to ours. There security for debt or even costs, is unknown; here it is required to an extent most oppressive in very many instances. To say the poor and the rich should have equal right and justice administered, and at the same time to require the pauper to give security, not only for costs, but debt also, in cases of appeals, certiorari, and appeals in error, would be to hold forth the theory of equality, but greatly to violate it in practice.
This court can see no distinction between the right a pauper has to prosecute an appeal in the nature of a writ of error, and an appeal where a second trial is sought before a jury. The act of 1821 provides in terms for neither case; but to take it in connexion with the British statute, both are equally covered. The judgment dismissing the appeal will be reversed, and the cause remanded to the circuit court for trial. If the *423 plaintiff in the appeal, Brumley, has property, he may be dispaupered according to the fifth section of the act of 1821; even this should be cautiously done, for as-much as the act of 1829, ch. 88, makes the property of the pauper liable to a judgment for costs, contrary to the provisions of the 11 Hen. VII.
R. J. McKinney, for plaintiff in error.
Taylor, for defendant in error.
Judgment reversed.